IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3354-FL

| | | |
|---|---|---|
| TONY HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEVIN A. BARNES, SHANETTA HILL, | ) | |
| STACEY COLLIER, OLIVER | ) | |
| WASHINGTON, SHIRLEY BENNETT, | ) | |
| DONALD MOBLEY, and DANIEL ROY | ) | |
| BRAME, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 39, 47). The motions were fully briefed and in this posture the issues raised are ripe for ruling. For the reasons that follow, the motions are denied.

**BACKGROUND**

Plaintiff, a former state inmate, filed this action pro se pursuant to 42 U.S.C. § 1983, alleging defendants failed to protect him from two gang-related assaults in violation of the Eighth Amendment to the United States Constitution. On August 7, 2020, the court conducted its frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915 and allowed the action to proceed. On September 27, 2020, counsel for plaintiff entered a notice of appearance. On the

---

[1] The court constructively has amended the caption of this order to reflect prior dismissal of plaintiff's claims against formerly-named defendants Assistant Superintendent John Doe, Assistant Superintendent of Programs John Doe, FNU Downing, and Brian LNU. Additionally, the court has constructively amended the caption to reflect the correct spelling of defendant Hill's name, and will direct the clerk to make conforming amendments to the docket caption.

same date, counsel for plaintiff filed an amended complaint against defendants Oliver Washington ("Washington"), Kevin Barnes ("Barnes"), Shirley Bennett ("Bennett"), Donald Mobley ("Mobley"), Stacey Collier ("Collier"), Danial Roy Brame ("Brame"), and Shanetta N. Hill ("Hill"). On October 7, 2020, the court allowed plaintiff to proceed with the amended complaint as a matter of course. On April 29 and July 20, 2021, entry of default was entered against defendants Brame and Hill.

On February 12 and April 7, 2021, defendants Barnes, Bennett, Washington, Collier, and Mobley filed the instant motions to dismiss, arguing that the statute of limitations bars plaintiff's claims. On February 28 and April 15, 2021, plaintiff responded in opposition to the motions.

## STATEMENT OF THE FACTS

The facts, as alleged in plaintiff's complaint, may be summarized as follows. Plaintiff, while incarcerated at Warren Correctional Institution ("Warren CI"), worked as a licensed inmate barber (Compl. (DE 21) ¶ 33). As an inmate barber, inmate gang members demanded that plaintiff shave off the hair on their chests so that they could get tattoos, but plaintiff refused per prison policy. (Id. ¶ 34). The gang members then demanded to borrow plaintiff's shaving and hair cutting equipment, but plaintiff again refused per prison policy. (Id. ¶ 35). In retaliation for refusing the gang members' demands, plaintiff started receiving death threats. (Id. ¶ 36). Plaintiff informed defendant Brame about the death threats. (Id. ¶ 39). Defendant Brame decided to post a sign in the barber shop reminding inmates that they are not authorized to use the equipment. (Id. ¶ 41). The death threats escalated after the sign was posted, therefore plaintiff requested protective custody on several occasions, but his requests were denied. (Id. ¶¶ 42-46).

2

On April 23, 2016, plaintiff was assaulted by gang members. (Id. ¶ 47). Plaintiff thereafter was reassigned to the segregation unit but continued to receive death threats. (Id. ¶¶ 61-63). Between May and June 2016, plaintiff submitted several requests to be transferred to another prison, but defendants denied his requests and informed him that he must return to general population or be written up. (Id. ¶¶ 70-83). On June 20, 2016, defendants removed plaintiff from protective custody and returned him to general population. (Id. ¶ 84). Plaintiff continued to request a transfer and informed defendants that he feared for his safety. (Id. ¶¶ 90, 99-100).

On June 22, 2016, a gang member stabbed plaintiff with a box cutter multiple times in the face, neck, back, and jaw. (Id. ¶¶ 102, 107). Plaintiff was transferred to the emergency room where he received stitches to his left ear, left jaw line, left side of his throat, and the back of his scalp was stapled together. (Id. ¶¶ 116-118). Plaintiff suffers from permanent damages including nerve damage, physical permanent scarring, and sharp pain. (Id. ¶ 120). After plaintiff was released from the hospital and returned to Warren CI, he was subsequently transferred to Lanesboro Correctional Institution. (Id. ¶ 122).

On July 14, 2016, plaintiff initiated Step One of the grievance process by writing a grievance regarding his requests for protection and subsequent denials that led up to the April 16 and June 22, 2016 assaults. (Id. ¶ 134). On July 18, 2016, the grievance was received. (Id. ¶ 135). On February 19, 2019, plaintiff's Step Three Grievance appeal was denied. (Id. ¶ 136). Plaintiff's complaint asserts Eighth Amendment claims as well as a state law claim for negligent infliction of emotional distress. (Id. ¶¶ 138-166).

3

A.     Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.    In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.     Analysis

Moving defendants argue that plaintiff's claims are barred by the statute of limitations. See (DE 40) 4-7; (DE 48) 4-7.   Congress has not adopted a specific statute of limitations for actions brought under 42 U.S.C. § 1983.   Instead, the analogous state statute of limitations applies. See Burnett v. Grattan, 468 U.S. 42, 48–49 (1984); Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 388 (4th Cir. 2014); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc).   Specifically, the state statute of limitations for personal injury actions governs claims brought under section 1983.   See Wallace v. Kato, 549 U.S. 384, 387 (2007). North Carolina has a three-year statute of limitations for personal injury actions.   See N.C. Gen. Stat. § 1-52(5), (16).   Thus, North Carolina's three-year statute of limitations governs plaintiff's

4

claims. See, e.g., Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nat'l Advert. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n.2 (4th Cir. 1991).

Although the limitations period for claims brought under section 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. See, e.g., Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181. A claim accrues when the plaintiff "can file suit and obtain relief." Wallace, 549 U.S. at 388 (quotation omitted). For personal injury claims, a plaintiff can sue when he knows or has reason to know of the injury which forms the basis of the action. See, e.g., id. at 391; Nasim, 64 F.3d at 955. However, the United States Court of Appeals for the Fourth Circuit has held that an inmate's attempts to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") tolls the statute of limitations applicable to the claims. See Fauconier v. Clarke, 966 F.3d 265, 275 (4th Cir. 2020); Henderson v. Harmon, 750 F. App'x 236, 237-38 (4th Cir. 2019); Battle v. Ledford, 912 F.3d 708, 718-20 (4th Cir. 2019).

Here, plaintiff adequately alleges facts supporting equitable tolling. His complaint alleges (1) that defendants failed to protect him from gang-related assaults on April 16 and June 22, 2016; (2) that he initiated Step One of the grievance process on July 14, 2016 by writing a grievance regarding his requests for protection and subsequent denials; (3) that his grievance was received on July 18, 2016; and (4) that his Step Three Grievance appeal was denied on February 19, 2019. Because the PLRA's mandatory exhaustion requirement barred him from filing this suit until the conclusion of administrative proceedings and because plaintiff allegedly pursued the exhaustion of administrative remedies diligently, plaintiff's claims are subject to equitable tolling during the period of time that plaintiff exhausted his administrative remedies. See Fauconier, 966 F.3d at 275. Thus, the court denies defendants' motions to dismiss.

5

## CONCLUSION

Based on the foregoing, the court DENIES defendants' motions to dismiss (DE 39, 47). An initial order will follow. Finally, the court DIRECTS the clerk to amend the caption to reflect the correct spelling of defendant Hill's name, as set forth above in footnote one.

SO ORDERED, this the 14th day of September, 2021.

LOUISE W. FLANAGAN
United States District Judge

Case 5:19-ct-03354-FL   Document 61   Filed 09/14/21   Page 6 of 6