IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:19-CT-3354-FL

| | |
|---|---|
| TONY HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KEVIN A. BARNES, SHANETTA HILL, ) | |
| STACEY COLLIER, OLIVER ) | |
| WASHINGTON, SHIRLEY BENNETT, ) | |
| DONALD MOBLEY, and DANIEL ROY ) | |
| BRAME, ) | |
| ) | |
| Defendants.[1] ) | |

This matter is before the court on plaintiff's unopposed motion for reconsideration of the court's December 7, 2022, order denying plaintiff's request for production of the incident reports and/or files regarding the alleged incidents that occurred in April and June 2016 (DE 92). The court denied plaintiff's request because defendants stated that they produced all documents in which they had possession, custody, or control. See Order (DE 84) 5. Plaintiff seeks reconsideration of that decision, arguing that defendants circumvented their obligations under Federal Rule of Civil Procedure 34. See (DE 93) 1–10.

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or

---

[1] The court constructively has amended the caption of this order to reflect prior dismissal of plaintiff's claims against formerly-named defendants Assistant Superintendent John Doe, Assistant Superintendent of Programs John Doe, FNU Downing, and Brian LNU.

the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." Am. Canoe Ass'n, 326 F.3d at 514–15. An earlier decision by the court "must be followed unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. at 515 (quotations omitted); see also Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017).

Here, plaintiff argues that NCDPS maintains a centralized forum for record management for each of the individual correctional institutions. Thus, if Warren Correctional Institution does not now possess the requested documents, then copies should have been uploaded to the centralized system. Plaintiff contends that defendants should make an inquiry directly to NCDPS regarding the requested documents and, if they are still missing, provide a more comprehensive explanation.

Plaintiff also argues that he filed a separate action before the North Carolina Industrial Commission in which NCDPS produced documents that defendants in this case claim are now missing. Plaintiff contends that defendants should look further for the requested documents and, if they are still missing, provide more information as to why documents previously in their possession, custody, or control are now missing.

For good cause shown, the court GRANTS plaintiff's motion for reconsideration (DE 92) and DIRECTS defendants to produce the incident reports and/or files regarding the alleged incidents that occurred in April and June 2016.

SO ORDERED, this the 30th day of January, 2023.

                                                  _____
                                                  LOUISE W. FLANAGAN
                                                  United States District Judge